IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANN JACOBS, | ) | Case No.: 2:08 - cv- 538 |
| | ) | |
| Plaintiff, | ) | Judge Sargus |
| | ) | |
| v. | ) | Magistrate Judge King |
| | ) | |
| MARIETTA MEMORIAL HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>Agreed Protective Order Regarding Confidentiality of
Defendant's Responses to Plaintiff's Fifth Request for Production
of Documents and Plaintiff's Medical Records</u>**

Plaintiff has served a Fifth Request for Production of Documents requesting a complete copy of the Plaintiff's computer hard drive while she was in the employment of Defendant. Plaintiff has previously disclosed in her Rule 26(a) Initial Disclosures and supplementation thereto, her medical records.

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the court's authority under Fed.R. Civ.P. 26(c), ORDERED:

A "document" under this Order means (a) any document produced from the flash drives labeled

"Defendant's Response to 5th RPD" provided to Plaintiff's counsel in response to this discovery request, (b) Plaintiff's medical records and (c) those portions of deposition transcripts referring or relating to (a) or (b) above.  It in no way affects other documents previously provided by the Plaintiff or the Defendant as part of discovery.

    1.   <u>Non-Disclosure of Confidential Documents</u>. Except with the prior written consent of the party who produced the document, no document as defined above will be disclosed.

    2.   <u>Permissible Disclosures</u>.  Notwithstanding paragraph 1, these documents may be disclosed to counsel for the parties in this action, engaged in the conduct of this litigation; to secretaries, paralegal assistants, and employees and agents of such counsel to the extent reasonably necessary to render professional services in the litigation; and to court officials involved in this litigation, including court reporters and persons operating video-recording equipment at depositions.  Counsel is required to inform each of the above persons who are employed or hired by or affiliated in any way with him or her that this Order is binding upon such person.  Subject

to the provisions of subparagraph (c), such documents may also be disclosed--

>   (a)  to any person designated by the court in the interest of justice, upon such terms as the court may deem proper; and
>
>   (b)  to parties; to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties or counsel involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases in this subparagraph (b), the individual to whom disclosure is to be made shall be provided a copy of this Order prior to receiving any documents and this Order is binding upon such party.

   3.   <u>Declassification</u>.  A party may apply to the court for a ruling that a document (or category of

documents) is not entitled to protection. The party or other person who designated the document as confidential shall be given notice of the application and an opportunity to respond. In any such instance, the burden of proving the propriety of the purported confidentiality shall be on the proponent of such confidentiality.

      4.   <u>Confidential Information in Depositions</u>. A deponent may during the deposition be shown, and examined about, confidential documents if the deponent already knows the confidential information contained therein. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information unless they have been provided a copy of this Order as prescribed in subparagraph 2(b). A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about, or asked to produce, potentially confidential documents.

      5.   <u>Confidential Information at Trial</u>. This Order does not prohibit the use at trial of confidential information and confidential documents, subject to the court's ruling on the document.

      6.   <u>Client Consultation</u>. Nothing in this Order shall prevent or otherwise restrict counsel from rendering

advice to their clients and, in the course thereof, relying generally on examination of confidential documents.

      7.   <u>Use</u>.  Persons obtaining access to confidential documents under this Order shall use the information only for preparation for and trial of this matter (including appeals and retrials), and shall not use such information for any other purpose or in any other proceeding, including business, governmental, commercial, or administrative or judicial proceedings.

      8.   <u>Non-Termination</u>.  The provisions of this Order shall not terminate at and shall survive the conclusion of this action.  Within 90 days after final conclusion of all aspects of this litigation, upon the written request of the producing party, all confidential documents and all copies of same (other than exhibits of record) shall be returned to the party or person who produced such documents or, at the option of the producer (if it retains at least one copy of the same), destroyed, and all summaries and other data compilations of information contained in any confidential documents, excepting only documents constituting an attorney's work product, shall also be destroyed.  All counsel of record shall certify in writing that they have complied with the provisions of this paragraph 8 and shall deliver the same

to counsel for the party who produced the documents not more than 90 days after final termination of this litigation. For purposes of this paragraph 8, "attorney's work product" means notes or summaries of any attorney that contain information derived from a confidential document, but does not include confidential documents as defined herein.

9. <u>Modification Permitted</u>. Nothing in this Order shall prevent any party or other person from seeking modification of this Order from the court or from objecting to discovery that it believes to be otherwise improper.

10. <u>Responsibility of Attorneys</u>. The counsel of record for the party requesting confidential documents are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of confidential documents. Parties shall not duplicate any confidential document except working copies, copies for use as deposition and trial exhibits as contemplated herein, and copies for filing with the court under seal.

11. <u>Indemnification</u>. Any person or party subject to this Order who knowingly and intentionally violates this Order shall indemnify the producing party from all damages, including reasonable attorneys' fees and

expenses, which may be incurred by the producing party as a result of the violation of this Order by such person or party.  Provided, however, that this paragraph 11 shall not limit or otherwise prohibit the court or any other party from seeking or awarding sanctions, additional damages, or any other relief for the failure of a person or party to comply with this Order.  Counsel for parties are not otherwise obligated to indemnify the producing party for damages resulting from a violation of this Order by a non-party who is not an employee of such attorneys, unless the attorneys thereby also knowingly and intentionally violate this Order.

       Dated:   <u>  August 4   </u>, 2009.

                  IT IS SO ORDERED:

                  <u>  s/Norah McCann King  </u>
                  Norah McCann King, United
                    States Magistrate Judge

Approved:


/s/ Colleen E. Cook
Colleen E. Cook (#0003316)
THEISEN BROCK, *a legal professional association*
424 Second Street
Marietta, Ohio  45750
Telephone: (740) 373-5455
Telecopier: (740) 373-4409
direct e-mail: cook@theisenbrock.com
Attorneys for Defendant



/s/ Neil E. Klingshirn
Neil E. Klingshirn (#0037158)
**Fortney & Klingshirn**
4040 Embassy Parkway, Suite 280
Akron, Ohio 44333
Telephone: (330) 665-5445
direct e-mail: neil@fklaborlaw.com
Attorneys for Plaintiffs

## Certificate of Service

The undersigned hereby certifies that on this 3rd day of August, 2009, the foregoing Agreed Protective Order Regarding Confidentiality of Defendant's Responses to Plaintiff's Fifth Request for Production of Documents and Plaintiff's Medical Records was electronically mailed to Judge Sargus and Magistrate Judge King and also served by electronic mail on the following opposing counsel:

Attorney Neil E. Klingshirn (via CM/ECF)
Fortney & Klingshirn
4040 Embassy Parkway, Suite 280
Akron, Ohio  44333
neil@fklawborlaw.com
Counsel for Plaintiff, Ann Jacobs


/s/ Daniel P. Corcoran
Colleen E. Cook, counsel for
  Defendant, Marietta
  Memorial Hospital

(256093)