IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANN JACOBS,

        Plaintiff,

  vs.                                 Civil Action 2:08-CV-538
                                        Magistrate Judge King

MARIETTA MEMORIAL HOSPITAL,

        Defendant.

**OPINION AND ORDER**

This is an employment action in which plaintiff, formerly employed at the defendant hospital, asserts claims of disability discrimination and retaliation under the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* ["ADA"], and O.R.C. §4112.02, *et seq*. Specifically, the *Complaint*, Doc. No. 2, asserts claims of disability discrimination in violation of 42 U.S.C. §§12112(a), 12112(b)(5)(A) based on an alleged failure to provide a reasonable accommodation, and harassment and the creation of a hostile work environment on the basis of plaintiff's disability (Count I); retaliation based on the foregoing in violation of 42 U.S.C. §12203(Count II); disability discrimination in violation of O.R.C. §§4112.02(A), 4112.99 (Count IV); and retaliation in contravention of O.R.C. §§4112.02(I), 4112.99 (Count V).[1] With the consent of the parties, *see* 28 U.S.C. §636(c), this matter is now before the Court on defendant's motion for summary judgment, Doc. No. 39, and plaintiff's motion to amend or correct the complaint, Doc. No. 52.

**Plaintiff's Allegations.**

---

[1] Plaintiff's third and sixth claims for relief have been dismissed with prejudice. *Order*, Doc. No. 63.

Plaintiff worked for 20 years as defendant's Director of Staff and Organizational Development. *Complaint,* ¶1. Eighteen years prior to the termination of her employment, plaintiff was diagnosed with and began treatment for bipolar disorder, a condition that "even when treated, substantially limits ..., major life functions of concentrating, maintaining mental stamina and screening out environmental stimuli." *Id.,* ¶2. Notwithstanding these limitations, plaintiff alleges, she "was able to perform the essential functions of her position with a reasonable accommodation." *Id.* Plaintiff alleges that she is therefore a "qualified individual with a disability" as defined by 42 U.S.C. §12111(8). *Id.*

For eight years, plaintiff was supervised by Scott Cantley whose evaluations indicated that plaintiff met or exceeded performance expectations. *Id.,* ¶¶6-7. She alleges that she performed her job, despite her disability and its associated limitations, "by working uninterrupted in her office with her office door closed to outside noise and distractions and by working on limited occasions on a self-paced schedule from home with flexible hours." *Id.,* ¶9. Cantley permitted and approved plaintiff's flexible hours and schedule, although he was not made aware by plaintiff of her disability. *Id.,* ¶11.

Beginning January 1, 2005, DeeAnn Gehlauf was hired by defendant and undertook supervision of plaintiff. *Id.,* ¶¶12-13. Gehlauf gave plaintiff a favorable evaluation in January 2006. *Id.,* ¶14. However, later in 2006, after Gehlauf had tracked plaintiff's office hours, Gehlauf forbad plaintiff from working at home during office hours. *Id.,* ¶15. The *Complaint* goes on to allege:

> Despite her best efforts, Ms. Jacobs could not

> perform the essential functions of her job without the ability to close her door or work at a self-directed pace from home on those days that mental impairment substantially limited her ability to concentrate or screen out external stimuli. Ms. Jacobs had multiple meetings with Gehlauf to request or suggest work place changes that would enable her to perform her job functions, including a return to a flexible schedule and office routine. Gehlauf did not approve these requests and ignored the suggestions.

*Id.,* ¶18. Plaintiff asked to return to her flexible schedule and office routine in November 2006, *id.,* ¶19, a request that was denied by Gehlauf. *Id.,* ¶21. According to Gehlauf, plaintiff would be required to use a sick day if she could not be in the office on account of her disability; moreover, she would be required "to provide three (3) days advance notice before taking any time off." *Id.,* ¶21. According to plaintiff, the nature of her illness precluded advance notice of needed sick leave. *Id.,* ¶23. Gehlauf also "sharply criticize[d]" plaintiff's performance. *Id.* This point, plaintiff alleges, "marked the beginning of a campaign of harassment motivated by [plaintiff's] disability and her request to exercise her rights under" the ADA and Ohio's Civil Rights Act. *Id.,* ¶22. It is alleged that Gehlauf refused plaintiff's requested or any other reasonable accommodations. *Id.,* ¶26.

In January 2007, Gehlauf gave plaintiff a negative performance evaluation for 2006. *Id.,* ¶27. Plaintiff was eventually placed on a "90-day action plan," *id.,* ¶40, during which plaintiff "substantially and adequately performed all of the functions of her job." *Id.,* ¶42. Nevertheless, at the conclusion of that period, plaintiff's employment with defendant was terminated. *Id.,* ¶43.

**Defendant's Motion for Summary Judgment.**

The standard for summary judgment is well established. This standard is found in Rule 56 of the Federal Rules of Civil Procedure, which provides in pertinent part:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). Pursuant to Rule 56(c), summary judgment is appropriate if "there is no genuine issue as to any material fact ...." *Id.* In making this determination, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986). However, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson,* 477 U.S. at 251.

The party moving for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Catrett,* 477 U.S. at 323. Once the moving party has met its initial burden, the burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 250

(quoting Fed. R. Civ. P. 56(e)); *Talley v. Bravo Pitino Restaurant, Ltd.*, 61 F.3d 1241, 1245 (6th Cir. 1995)("nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial"). "Once the burden of production has so shifted, the party opposing summary judgment cannot rest on the pleadings or merely reassert the previous allegations. It is not sufficient to 'simply show that there is some metaphysical doubt as to the material facts.'" *Glover v. Speedway Super Am. LLC,* 284 F.Supp.2d 858, 862 (S.D. Ohio 2003)(citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Instead, the non-moving party "must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

In ruling on a motion for summary judgment "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Glover,* 284 F.Supp. 2d at 862 (citing *InteRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989)). Instead, a "court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties." *Id.*

A. Plaintiff's Discrimination Claims.

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the

5

disability of such individual. ..." 42 U.S.C. §12112(a).[2]  In order to establish a *prima facie* case of discrimination under the ADA, a plaintiff must show the following:

    (1)    that she is disabled;

    (2)    that she is otherwise qualified for the position with or without reasonable accommodations;

    (3)    that she suffered an adverse employment decision;

    (4)    that the employer knew or had reason to know of the plaintiff's disability; and

    (5)    that the position remained open while the employer sought other applicants or the disabled individual was replaced.

*Cehrs v. Northeast Ohio Alzhimer's Research Ctr.,* 155 F.3d 775, 779 (6th Cir. 1998)(quoting *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1186 (6th Cir. 1996)(internal citations omitted)); *Gantt v. Wilson's Sporting Goods Co.,* 143 F.3d 1042, 1047 (6th Cir. 1998).

"The threshold issue in any action brought under the ADA is whether the plaintiff is a person with a disability." *Kiphart v. Saturn Corp.*, 251 F.3d 573, 582 (6th Cir. 2001).

In its motion for summary judgment, defendant takes the position that plaintiff cannot be properly characterized as a qualified individual with a disability: "On-site attendance during regular business hours is an essential function of Plaintiff's supervisory position. According to Plaintiff's own admissions and according to the testimony of her own physician, she cannot perform the essential

---

[2] Handicap discrimination and retaliation prohibited by O.R.C. §4112.02 entails the same evidentiary standard and burden of proof applicable to the parallel ADA. *See Scott v. Firstmerit Corp.,* 167 Fed. Appx. 480, **20-21, 2006 U.S. App. LEXIS 1709 (6th Cir., January 23, 2006). *See also Plumbers & Steamfitters Joint Apprenticeship Committee v. Ohio Civil Rights Commission,* 66 Ohio St.2d 192, 196 (1981).

functions of her job without the ability to work from home." *Motion for Summary Judgment,* pp. 7-8, Doc. No. 39. According to defendant, plaintiff's request "to work an unlimited number of days from home during regular business hours without prior notice to her supervisor" is unreasonable as a matter of law. *Id.,* p.8.

Plaintiff's job duties required her to supervise other employees and to conduct and attend regular meetings. *Affidavit of Scott Cantley,* ¶¶2-5, attached to *Motion for Summary Judgment; Deposition of Ann Jacobs,* p.52, Doc. No. 25. In this regard, defendant points to Paragraph 18 of the *Complaint* and argues that, by her own admission, plaintiff

> cannot perform the essential functions of her job without the ability to work from home on those days that her mental impairment substantially limits her ability to concentrate or screen out external stimuli.

*Defendant's Motion for Summary Judgment,* p.31 n.82. Plaintiff's treating psychiatrist, Sharad H. Bhatt, M.D., testified on deposition that "maintaining on-site attendance, daily physical presence[,] was a limitation of her disability." *Deposition of Sharad H. Bhatt, M.D.*, p.18, Doc. No. 57. *See also Exhibit 1* to *Deposition of Sharad H. Bhatt, M.D.*

Defendant's motion for summary judgment on plaintiff's discrimination claims turns on defendant's contention that on-site attendance during regular business hours is an essential function of plaintiff's job. Defendant argues that plaintiff concedes in this action that she could not meet that requirement; it therefore follows, defendant argues, that plaintiff is not a qualified individual with a disability and that her request to work from home was not a reasonable request for

7

accommodation.

Plaintiff disagrees with defendant's characterization of plaintiff's litigation position. Specifically, plaintiff denies that her request for accommodation involved a request to work an unlimited number of days from home. *Plaintiff's Opposition to Summary Judgment*, p. 25, Doc. No. 42. Rather, plaintiff argues, she requested only a continuation of the accommodations authorized by Cantley throughout the eight years prior to Gehlauf's supervision. In a related argument, plaintiff contends that her own history with the defendant established that on-site attendance was not in fact an essential function of her job and that her request for an accommodation that provided flexible scheduling and attendance was in fact reasonable. *Id.,* pp. 25-26. Moreover, plaintiff points to evidence in the record that, except for certain days of authorized leave, she in fact maintained on-site attendance after Gehlauf prohibited work from her home. *See Deposition of DeeAnn Gehlauf Taken on March 20, 2009*, pp. 223-24, Doc. No. 34.

B. Plaintiff's Retaliation Claims.

Section 12203(a) of the ADA prohibits discrimination against any individual for engaging in conduct protected by the statute. In order to establish a *prima facie* case of retaliation under the ADA, the employee must show the following:

(1) that she engaged in protected activity;

(2) that she suffered an adverse employment action; and

(3) that a causal connection existed between the protected activity and the adverse action.

*Penny v. United Parcel Service,* 128 F.3d 408, 417 (6th Cir. 1997). Plaintiff contends that, even if her disability discrimination claims

8

cannot prevail, she can prevail on her retaliation claims if it is determined that she suffered an adverse employment action because she requested an accommodation to which she reasonably believed she was entitled. *Plaintiff's Opposition to Summary Judgment*, p.20, Doc. No. 42, (citing *Bryson v. Regis Corp.,* 498 F.3d 561, 577-78 (6th Cir. 2007)).

In its reply in support of its motion for summary judgment,[3] defendant argues that it is entitled to summary judgment even as to plaintiff's retaliation claims because plaintiff "did not have an objectively reasonable belief that she was entitled to such an accommodation." *Defendant's Reply*, p.3, Doc. No. 50. Moreover, certain of the retaliation allegations, defendant argues, do not constitute adverse employment actions, including negative performance evaluations and enforcement of company rules. *Id.,* pp. 38-40.

This Court concludes that there exist genuine issues of material fact regarding plaintiff's disability and retaliation claims. These genuine issues include the issue of whether or not plaintiff was able to perform the essential functions of her job, both before and after Gehlauf began supervision of plaintiff. For example, Cantley, plaintiff's former supervisor, testified on deposition that plaintiff was able to perform the essential functions of her job "during the time she reported to [him] and occasionally worked from [home]..." *Deposition of Scott Cantley,* p.25, Doc. No. 24. This conclusion is of course supported by Cantley's favorable performance reviews.

Also remaining for resolution is whether or not plaintiff was able to perform the essential functions of her job after August 4, 2006,

---

[3] As noted by plaintiff, defendant's initial motion for summary judgment and memorandum in support failed to address plaintiff's retaliation claims.

when she was instructed to regularly attend work.  Although defendant relies heavily on Paragraph 18 of the *Complaint* to support its contention that plaintiff concedes that she could not, the Court concludes that, fairly read, the *Complaint* cannot be construed so as to constitute a judicial admission that, absent permission to work from home, plaintiff could not perform the essential functions of her job.  The remaining record, as it relates to the quality of plaintiff's job performance beyond that time, is simply not amenable to resolution on summary judgment.

Moreover, in light of the fact that there is some evidence that plaintiff performed in a satisfactory manner during the period of time that she worked on occasion from her home, the Court also concludes that the issue of whether plaintiff's job required regular on-site attendance remains for resolution.

Finally, the Court cannot, at this juncture, conclude that plaintiff's requested accommodation was unreasonable as a matter of law.  It remains for resolution, then, whether plaintiff had a good faith, objectively reasonable, belief that she was entitled to the accommodation sufficient to support her retaliation claims.

Under all these circumstances, the Court concludes that defendant's motion for summary judgment is without merit.

***Motion for Leave to Amend.***

As noted *supra*, the Court concludes that Paragraph 18 of the *Complaint,* read in context, does not constitute a judicial admission that plaintiff was unable to perform the essential functions of her job without working from home.  Because plaintiff's motion for leave to amend was intended only to address and respond to defendant's contention to the

10

contrary, the Court concludes that amendment of Paragraph 18 is unnecessary. Plaintiff's *Motion for Leave to Amend*, Doc. No. 52, is therefore **DENIED**.

A final pretrial conference will be scheduled forthwith.


February 23, 2010                         *s/Norah McCann King*
                                          Norah M<sup>c</sup>Cann King
                                     United States Magistrate Judge